**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 5:18-CR-0912-3** |
| | § | |
| **SAIFULLAH AL-MAMUN,** | § | |
| AKA Saiful Al-Mamun, | § | |
| AKA Saiful Islam | § | |

## GOVERNMENT'S UNOPPOSED MOTION FOR DESIGNATION AS COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS

The United States of America, by and through the United States Attorney for the Southern District of Texas, respectfully submits this Unopposed Motion for Designation as Complex Case and Tolling of Speedy Trial Provisions, and for cause would respectfully show this Honorable Court the following:

### I. BACKGROUND

On October 8, 2019, a federal grand jury sitting in the Southern District of Texas, Laredo Division returned a thirty-seven-count second indictment (ECF No. 96) in the above-captioned case charging **SAIFULLAH AL-MAMUN** as follows: Count One, Conspiracy to Bring an Alien to the United States, a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); Counts Thirty-One through Thirty-Six, Bringing an Alien to the United States, violations of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2; and Count Thirty-Seven, Conspiracy to Encourage and Induce Aliens to Enter the United States, a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

This Homeland Securities Investigations (HSI) investigation began in 2018 and continues into the present. There is a substantial body of discovery in this case, including, but not limited to, reports of investigation, phone records, electronic communications, recording of the defendant's interview, and images. There are also documents and recordings in different

languages that require translation into English. The discovery to be provided to the defense counsel in electronic form consists of approximately 20,800 files. Accordingly, the Government requests that this case be designated as a complex case.

## II. ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Fifth Circuit counsels that courts granting an "ends of justice" continuance must consider at least one of the factors specified by the Act. *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). The factors applicable to this case include:

> (i) Whether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice; (18 U.S.C. § 3161(7)(B)(i));
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [by the Speedy Trial Act]; and

> (iii) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would . . . deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B)(i), (ii) & (iv).

In this case, the Government seeks a designation of the case as "unusual and complex" as to defendant **SAIFULLAH AL-MAMUN**.[1] There is a substantial body of discovery in this case, including, but not limited to reports of investigation, phone records, electronic communications, recordings of witness interviews, recording of the defendant's interview, and images. The discovery that will be provided to the defense attorney in electronic form is voluminous, consisting of approximately 20,800 files. Thus, under Fifth Circuit precedent, it would be within the Court's discretion to designate this case as a complex case, and, in turn, the ends of justice would require a tolling of the Speedy Trial Act.

Additionally, the Government submits the amount of discovery in this case requires further time for trial preparation both by the Government and defendant. It is reasonable to believe that an analysis of this information, its admissibility, and its impact on the case will take more than the 70-days allotted under the Speedy Trial Act.

The Government's request is consistent with Fifth Circuit case law holding that a designation based on the volume of discovery and the complexity of the case is consistent with cases interpreting section 3161(h)(7). *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial" (citing *United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994))); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the

---

[1] The Court previously certified this case as Complex as to defendants **MOKTAR HOSSAIN** and **MOHAMAD MILON HOSSAIN**. ECF Nos. 34, 119.

complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v. Chalkias*, 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity of an interstate cocaine conspiracy); and *United States v. Thomas*, 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

The Government respectfully submits that a tolling of the Speedy Trial Act is appropriate in this case, based on the foregoing factors.

Counsel for the Government has conferred with defense counsel regarding this motion, and has sent a copy of the proposed motion and order via email to defense counsel. Counsel for the Defendant, Mr. Saiful Islam, has advised the undersigned that she is unopposed.

**CONCLUSION**

WHEREFORE, premises considered, the Government respectfully requests that the Court grant its Motion, which is unopposed, in all respects and order the relief requested.

Respectfully Submitted,

Aaron Reitz
Acting United States Attorney

*/s/ Spencer M. Perry*
Spencer M. Perry
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE AND CONFERENCE**

The Government hereby certifies that the undersigned Trial Attorney conferred with defense counsel on July 22, 2026, regarding this matter, and defense counsel advised that he was unopposed to the motion. The Government also hereby certifies that on the 23rd day of July, 2026, it electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, which notifies all counsel of record.

*/s/ Spencer M. Perry*
Spencer M. Perry
Trial Attorney